IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES                )

                             )

                             )

vs.                          )

                             )

                             )

HOWARD LEVENTHAL             )    Case No. 13-cr-695(BMC)

**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ DEC 14 2015 ★

BROOKLYN OFFICE

## MOTION FOR SANCTIONS

NOW COMES DEFENDANT, Howard E. Leventhal acting pro se for these limited purposes, hereby respectfully submitting this motion for sanctions under Fed. R. Crim Rule 42, 18 USC Sec 401 or other applicable law, against Winston Paes, attorney for the Government in this matter (hereinafter "PAES" or "CONTEMNOR(s)") and FBI Special Agent Christopher Delzotto (hereinafter "DELZOTTO" or "CONTEMNOR(s)"). In support of this motion, Defendant states as follows:

1) Throughout this matter, from inception to the "Information" filing to publicly released statements to the bail revocation proceeding, the Contemnors have infected this matter with un-fairness, vindictiveness, prosecutorial misconduct, frauds upon the Court, obstruction of justice and negligence. Given that sentencing approaches, which is the most grave and impactful element of these proceedings, it is imperative that the Contemnors are brought to account and stopped now, before the undue damage they have already inflicted upon the Defendant is set indelibly in stone.

---

-1-

MOTION FOR SANCTIONS

## CRIMINAL H.I.P.A.A. VIOLATIONS

2) ON SEPT. 10 AND 11, 2015 THE CONTEMNORS PRESENTED A NUMBER OF ITEMS PURPORTING TO BE MEDICAL RECORDS OF THE DEFENDANT AND MEDICAL INFORMATION ABOUT THE DEFENDANT. ALL OF SAID ITEMS WERE DISPLAYED IN OPEN COURT AND THEN ENTERED INTO EVIDENCE, UNSEALED. ALL OF THE OBTAINMENT, DISCLOSURE, CIRCULATION, PUBLICATION, DISTRIBUTION AND DISSEMINATION OF SAID INFORMATION ON THE COURT'S P.A.C.E.R. SYSTEM CONSTITUTE CRIMINAL ACTS UNDER THE H.I.P.A.A. ACT, AND ARE "FRUIT OF THE POISONOUS TREE," WHICH SHOULD NEVER HAVE BEEN PRESENTED.

3) THE FACT THAT THE CONTEMNOR'S CHARACTERIZATION OF THESE MATERIALS AS A "SHAM" IS UTTERLY FALSE AND FRAUDULENT IS NOT RELEVANT TO THE FACT THAT DEFENDANT LEVENTHAL DID NOT AUTHORIZE EITHER OF THE CONTEMNORS TO OBTAIN OR DISCLOSE SUCH MATERIALS AND THEREFORE EACH AND EVERY ACT OF OBTAINING AND DISCLOSING IS A CRIMINAL ACT, EVEN TO THE DATE OF THIS FILING, ALL OF SAID MATERIALS REMAIN ACCESSIBLE FROM ANYWHERE IN THE WORLD WHERE INTERNET ACCESS IS AVAILABLE, ALSO A HIPAA VIOLATION.

4) AT THE BAIL REVOCATION HEARING, THE CONTEMNORS ENTERED AN EXHIBIT MARKED "GOV'T EXHIBIT 3500-CD1, 13 CR 695(BMC)," SAID EXHIBIT DESCRIBES AN INTERVIEW WHICH TOOK PLACE BETWEEN CONTEMNOR DELZOTTO AND DR. CHARLES COLODNY, A LICENSED MEDICAL DOCTOR, ON SEPT 2, 2015. DURING SAID INTERVIEW DELZOTTO ASKED QUESTIONS OF DR. COLODNY RELATING TO THE MEDICAL RECORDS OF DEFENDANT IN THIS MATTER HOWARD LEVENTHAL. DELZOTTO REPRESENTED THAT DR. COLODNY ANSWERED THE QUESTIONS AFTER CONFIRMING THAT LEVENTHAL IS A PATIENT OF COLODNY'S.

—2—

5) ALSO ON SEPT 2, 2015 DELZOTTO EMAILED A DOCUMENT FILENAMED "LEVENTHALS DOCTORS LETTER. PDF" TO THE EMAIL ADDRESS DRCOLODNY@AOL.COM. SAID LETTER IS A DETAILED SUMMARY OF LEVENTHAL'S MEDICAL CONDITIONS INCLUDING SPECIFIC DETAIL OF EIGHT DISTINCT MEDICAL CONDITIONS.

6) ALSO ON SEPT 2, 2015 CONTEMNOR DELZOTTO RECEIVED AN EMAIL MESSAGE SENT BY "CHARLES BOLODNY." SAID MESSAGE FURTHER DISCUSSES AND PROVIDES MEDICAL INFORMATION.

7) ON SEPT. 3, 2015 DELZOTTO AGAIN REPRESENTS THAT HE RECEIVED AN EMAIL MESSAGE FROM "CHARLES COLODNY" AGAIN DISCLOSING INFORMATION ABOUT A VISIT TO COLODNY'S OFFICE BY LEVENTHAL, LEVENTHAL'S MEDICAL CHART AND COLODNY'S DISCUSSION WITH HIS STAFF ABOUT LEVENTHAL'S MEDICAL RECORDS.

8) ADDITIONALLY DELZOTTO TESTIFIED UNDER OATH THAT AT LEAST ONE MORE OUTGOING AND ONE MORE INCOMING COMMUNICATION TOOK PLACE BETWEEN CONTEMNOR DELZOTTO AND DR. COLODNY REGARDING LEVENTHAL, WHICH COULD HAVE ENCOMPASSED NOTHING OTHER THAN INFORMATION ABOUT LEVENTHAL'S MEDICAL RECORDS.

9) DR. COLODY'S EMAIL MESSAGE PURPORTEDLY TRANSMITTED ON 9/2/15 AT 3:16 PM IS FALSE – ASSUMING IT WAS NOT FABRICATED BY THE CONTEMNORS.

10) NOTHING IN DELZOTTO'S NOTES MARKED 3500-CD-1, CD-1A, CD-2, CD2-A OR ELSEWHERE IN THE GOVERNMENT'S BREATHLESS, MELO-DRAMATIC BAIL REVOCATION APPLICATION INDICATES THAT LEVENTHAL AUTHORIZED ANY OF THE ABOVE EXCHANGES. LEVENTHAL HAS NEVER EXECUTED A HIPAA RELEASE FORM AUTHORIZING DR. COLODNY TO DISCLOSE OR THE CONTEMNORS TO OBTAIN LEVENTHAL'S MEDICAL INFORMATION FOR THE PURPOSE OF REVOKING BAIL.

---

11) A TOTAL OF NO LESS THAN 7 (SEVEN) TRANSMISSIONS OF LEVENTHAL'S MEDICAL INFORMATION IS DOCUMENTED BY THE CONTEMNORS, TO SAY NOTHING OF THE NUMBER OF DOWNLOADS OF SAME WHICH HAVE TAKEN PLACE ON THE INTERNET VIA PACER SINCE THE BAIL HEARING. ONLY DISCOVERY WILL REVEAL THE NUMBER OF DOWNLOADS AND EVEN THEN, THE NUMBER OF RETRANSMISSIONS OVER THE INTERNET MAY BE ANY NUMBER BETWEEN ZERO AND INFINITY.

12) DELZOTTO IS THE GOVERNMENT'S PRIMARY OPERATIVE AND WITNESS IN THIS MATTER, WORKING AT THE DIRECTION OF AND IN CONSPIRACY WITH W 6TH CONTEMNOR PAES. BOTH CONTEMNORS WORK IN TWO CAPACITIES: THEY WORK IN THEIR CAPACITIES AS (ILL CONCEIVED) REPRESENTATIVES OF THE UNITED STATES GOVERNMENT. AND THEY WORK IN THEIR INDIVIDUAL CAPACITIES TO ADVANCE THEIR CAREERS AND PERSONAL INCOME, AS THEY HAVE IN THIS MATTER. TO DEFENDANT'S KNOWLEDGE, CONTEMNOR PAES HAS BEEN PROMOTED DURING THE PENDENCY OF THIS CASE, AS HAS HIS SUPERIOR AND FORMER DIRECT SUPERVISOR, ATTORNEY GENERAL LORETTA LYNCH. PRESUMABLY BOTH PROMOTIONS CAME WITH ADDITIONAL PERSONAL INCOME.

13) EACH AND EVERY OF THE ABOVE SEVEN OR MORE HIPAA VIOLATIONS VIOLATES 42 SECTION 1320d-6. THE CONTEMNORS KNOWINGLY AND WITH MALICE AFORETHOUGHT VIOLATED 1320d-6 BY OBTAINING AND DISCLOSING INDIVIDUALLY IDENTIFIABLE HEALTH INFORMATION ABOUT HOWARD LEVENTHAL, FROM A LICENSED PHYSICIAN WITHOUT LEVENTHAL'S AUTHORIZATION TO DO SO FOR THE ACTED-UPON PURPOSE- UNDER FALSE PRETENSES. SUCH ACTS UNDER 45 C.F.R. SECTION 160.306 ARE PUNISHABLE BY MONETARY PENALTIES OF NO MORE THAN $250,000 AND TEN YEARS IN PRISON FOR EACH ACT AND EVERY PACER DOWNLOAD.

_____   — 4 —
MOTION FOR SANCTIONS

14) THE CONTEMNORS' CRIMINAL ACTS DESCRIBED ABOVE WERE EXECUTED JOINTLY AND SEVERALLY, IN CONSPIRACY. EACH ONE OF THE CONTEMNORS MAY BE FINED UP TO $1,750,000 (ONE MILLION SEVEN HUNDRED FIFTY THOUSAND DOLLARS) IN THE AGGREGATE, NOT INCLUDING FOR THE SUM OF PACER DOWNLOADS — AND IMPRISONED FOR UP TO 70 (SEVENTY) YEARS IN FEDERAL PRISON FOR THESE CRIMINAL ACTS.

15) UNDER BERGER v. U.S. [1] "PROSECUTOR MAY STRIKE HARD BLOWS (BUT) HE IS NOT AT LIBERTY TO STRIKE FOUL ONES. IT IS AS MUCH HIS DUTY TO REFRAIN FROM IMPROPER METHODS CALCULATED TO PRODUCE A WRONGFUL OUTCOME AS IT IS TO USE EVERY LEGITIMATE MEANS TO BRING A JUST ONE." THE CONTEMNORS WORKING IN CONSPIRACY TO ADVANCE THEIR CAREERS AND OTHER MOTIVES DELETERIOUS TO THE ADMINISTRATION OF JUSTICE, EMPLOYED CRIMINALLY IMPROPER METHODS BY CARELESSLY VIOLATING THE HIPAA ACT ON A PRIMA FACIE BASIS, IN THEIR ATTEMPT TO PRODUCE THE REMAND ORDER THAT THEY IN FACT PRODUCED, DECEITFULLY.

16) THERE IS NO LAW ENFORCEMENT EXCEPTION IN HIPAA, UNLESS THE ~~DEFENDANTS~~ CONTEMNORS ARE IN FACT "THE GOVERNMENT" INCARNATE AS THEY SO CLEARLY BELIEVE; OR UNLESS THEY OCCUPY SOME SPACE ABOVE THE LAW AS THEY SO CLEARLY BELIEVE. EQUAL JUSTICE UNDER LAW CANNOT EXIST IF SUCH A BLATANTLY PRIMA FACIE VIOLATION IS ALLOWED TO PASS UNCHALLENGED.

## CONTUMACIOUSLY FALSE AND DECEPTIVE ASSERTIONS

1) BOTH CONTEMNORS HAVE LIED TO THIS COURT AND OTHERWISE DECEIVED THIS COURT. "LYING BY AN ATTORNEY CONSTITUTES CONTEMPT" [SEE U.S. v. TEMPLE 349 F. 2d 116 (4TH CIR, 1965].

2) THE CONTEMNORS' BEHAVIOR EXCEEDS CONSTITUTIONAL LIMITS ON PROSECUTORIAL DISCRETION [SEE "PROSECUTORIAL MIS-CONDUCT AND CONSTITUTIONAL REMEDIES" BY PETER J. HENNING.]

---

[1] 295 U.S. 78, 88, 55 S. CT 629, 633

---

-5-

MOTION FOR SANCTIONS

3) SUCH DECEPTIONS BEGAN WITH THE "INFORMATION" IN THIS CASE AND HAVE EXTENDED TO UNSWORN STATEMENTS BY CONTEMNOR PAES AT VARIOUS TIMES WHILE HE WAS ACTING IMPROPERLY AS A WITNESS — AND ALMOST EVERY REPRESENTATION MADE TO THE COURT OF A MATERIAL NATURE AT THE BAIL REVOCATION HEARING OF SEPT 10-11, 2015, INCLUDING BUT NOT LIMITED TO:

a) DEFENDANT LEVENTHAL IS NOT THE LIFELONG CAREER "FRAUDSTER" AS THE CONTEMNORS HAVE FALSELY REPRESENTED TO THE COURT. THERE IS NO LEGAL EXCUSE FOR THE BEHAVIOR ADMITTED TO IN THE GUILTY PLEA AND PLEA AGREEMENT, WHICH DEFENDANT HEREBY RE-AFFIRMS. THAT BEING SAID, LEVENTHAL, FOR NEARLY ALL OF HIS ADULT LIFE HAS BEEN A PRODUCTIVE INNOVATOR, FOUNDER OF SUCCESSFUL AND LEGITIMATE ENTERPRISES, VENDOR OF NEEDED AND COMMERCIALLY SUCCESSFUL PRODUCTS SOLD AT RADIO SHACK, TOYS R US, SEARS, OFFICE DEPOT, OFFICE MAX; A PROVIDER OF A QUARTER CENTURY OF FINANCIAL SUPPORT TO BOTH HIS PARENTS AND 24/7/365 CARE TO HIS EX-WIFE WHO PASSED AWAY FROM THE WORST POSSIBLE FORM OF MULTIPLE SCLEROSIS, 5 DAYS AFTER LEVENTHAL'S FALSELY OBTAINED REMAND. SEE "DECLARATION REGARDING PERSONAL REFERENCE LETTERS", WITH EXHIBITS, ATTACHED HERETO. SOMETHING ON THE ORDER OF 90% OF ALL OF THE CONTEMNOR'S CHARACTERIZATIONS OF LEVENTHAL IN THIS MATTER ARE FALSE.

b) THE USE OF THE WORD "CONSPIRACY" IN THE "INFORMATION" AND EVERYWHERE ELSE IN THIS MATTER IS FALSE — EXCEPT WHERE IT REFERS TO THE CONTEMNORS' CONSPIRACY TO DECEIVE THIS COURT.

c) THE CONTEMNORS' ASSERTION OF THE EXISTENCE OF A $20 MILLION + INTENDED LOSS IS BOTH FALSE AND LUDICROUS. THE INTENDED LOSS IS ZERO.

---

MOTION FOR SANCTIONS                        ~6~

d) THE STATEMENT SO BOLDLY AND BREATHLESSLY MADE BY THE CONTEMNORS IN THEIR APPLICATION FOR BAIL REVOCATION: "LEVENTHAL'S MEDICAL RECORDS ARE A SHAM" IS NOT ONLY PATENTLY FALSE, IT IS FRUIT OF THE POISONOUS TREE THAT WAS EFFECTIVELY EMPLOYED AS INTENDED: TO INFLAME THE JUDGE IN THIS MATTER AND PRODUCE AN UNJUST OUTCOME.

e) AT LEAST ONCE AND PERHAPS MORE DURING 2015, CONTEMNOR PAES STATED TO THE COURT EMPHATICALLY "LEVENTHAL NEVER USED THE BATHROOM AT MY OFFICE." THIS STATEMENT IS ALSO PATENTLY FALSE. THE PARALEGAL WITH WHOM PAES CONSTANTLY FLIRTS ACCOMPANIED LEVENTHAL TO THE DOOR OF THE MEN'S RESTROOM ON THE DAY OF THE PROFFER MEETING - TWICE. IF CONTEMNOR DELZOTTO WILL TESTIFY WITHOUT LYING AGAIN, HE WILL CONFIRM THIS, AS WILL FORMER COUNSELS GREENBURG + YUROWITZ AS WELL AS THE OBJECT OF MR. PAES' AFFECTIONS.

f) THE CONTEMNORS CONTENDED AT THE BAIL REVOCATION HEARING THAT STANLEY RAPHAEL MADE HIS LOANS TO MYWINGS FOUNDATION BASED UPON THE PHONE CALL WHICH WAS RECORDED AND PLAYED AT THE BAIL HEARING. UNLESS MR. RAPHAEL IS CLAIRVOYANT, THIS WOULD BE QUITE CHALLENGING GIVEN THAT THE DATE OF THE CALL IS AFTER THE DATE OF THE FINAL CHECK WRITTEN BY RAPHAEL. THIS REPRESENTATION WAS ALSO FALSE.

g) THE CONTEMNORS CONTENDED THAT THE TRIP TO KANSAS CITY WAS EASY. THIS MIGHT HAVE BEEN TRUE WITHOUT THE STOP AT THE EMERGENCY ROOM (SEE EXHIBIT 1 HERETO) AND THE HOURLY BATHROOM STOPS WHICH TURNED AN 8 HOUR DRIVE INTO A 12 HOUR DRIVE. THIS REPRESENTATION WAS ALSO FALSE.

h) CONTEMNORS CONTENDED THAT THE NURSE WAS NOT PAID OR THAT SHE WAS SHORT-PAID. ALSO FALSE. THE NURSE MADE A CLAIM FOR DOUBLE THE AMOUNT SHE WAS PAID TO THE ILLINOIS WAGE LABOR BOARD. THE CLAIM WAS REFUTED BY POINTING OUT THAT THE NURSE WAS PAID EXACTLY TO HER

MOTION FOR SANCTIONS          — 7 —

CONTRACT TERMS. THE GIVEN IMPRESSION WAS FALSE.

i) "DR" McCLERKLIN WHO TESTIFIED AT THE BAIL HEARING IS NEITHER A LICENSED MEDICAL DOCTOR NOR WAS HE "PUT OUT OF BUSINESS BY LEVENTHAL" AS THE CONTEMNORS SUCCESSFULLY ASSERTED IN THEIR AMBUSH. ACCORDING TO PUBLISHED REPORTS, McCLERKLIN RECEIVED A GRANT OF APPROXIMATELY $2 MILLION TO SERVE 5,000 OR MORE MEDICARE AND MEDICAID RECIPIENTS. ACCORDING TO McCLERKLIN'S OWN STAFF, HIS ENTERPRISE NEVER TREATED MORE THAN 50 (FIFTY) PATIENTS. THIS AMOUNTS TO APPROXIMATELY $40,000 PER PATIENT FOR A FEW BRIEF PHONE CALLS AND HOME VISITS. LEVENTHAL DID NOT PUT McCLERKLIN OUT OF BUSINESS. THE STATE OF ILLINOIS TERMINATED HIS PROGRAM FOR FAILING IN EVERY MEANINGFUL WAY TO DELIVER UPON ANYTHING THAT McCLERKLIN PROMISED. MORE UTTERLY FALSE REPRESENTATIONS.

j) AT THE BAIL HEARING THE CONTEMNORS PRESENTED A SANCTION ORDER BY THE BANKRUPTCY COURT IN THE NORTHERN DISTRICT OF ILLINOIS IN SUPPORT OF THE FALSE CONTENTION THAT LEVENTHAL VIOLATED HIS TERMS OF RELEASE. THIS WOULD ALSO BE VERY DIFFICULT GIVEN THAT THE SANCTIONED CONDUCT TOOK PLACE BEFORE LEVENTHAL'S ARREST AND BEFORE TERMS OF RELEASE WERE ORDERED. ANOTHER DECEPTION.

k) AT THE BAIL HEARING, CONTEMNOR PAES, WHEN HE COULD CATCH HIS BREATH, ASSERTED THAT THERE WAS SOMETHING ILLEGAL OR FRAUDULENT ABOUT PAYING THE PERSONAL EXPENSES OF A SOFTWARE DESIGNER IN EXCHANGE FOR HIS LABOR. IF THERE IS A LAW ABOUT SUCH ALLEGED ILLEGALITY, DEFENDANT CANNOT FIND IT. YET ANOTHER DECEPTION.

l) THERE WAS CONSIDERABLE TESTIMONY ABOUT A "DOCTORED" DOCUMENT FROM CONGRESSWOMAN TAMMY DUCKWORTH AT THE BAIL HEARING. THE ONLY MEANINGFULLY ALTERED DOCUMENT PRESENTED, WAS THE CONTEMNOR'S FINAL EXHIBIT – AN INFLAMMATORY PORTION OF AN EMAIL EXCHANGE, WITH HEADINGS OMITTED AND TYPE

MOTION FOR SANCTIONS

FONT AND SIZE OUTLANDISHLY EXAGGERATED, ANOTHER DECEPTION.
BY THE CONTEMNORS.

m) IT IS FURTHER FALSE THAT STANLEY RAPHAEL DID NOT KNOW OF THE PSEUDONYM EDWARD BEN-ALEC. MR. RAPHAEL WAS THE VERY FIRST PERSON TO RECEIVE A COPY OF THE MANUSCRIPT OF LEVENTHAL'S BOOK "HACKING THE PRESIDENT" IN JUNE 2014. THE BOOK WAS CONTAINED IN AN ENVELOPE WITH A LETTER FROM LEVENTHAL EXPLAINING THE USE OF THE PSEUDONYM. ANOTHER FRAUD UPON THE COURT.

n) IT IS FURTHER FALSE THAT RAPHAEL WAS NOT INFORMED OF LEVENTHAL'S CRIMINAL TROUBLE. GIVEN HOWEVER THAT HE WAS NOT PRESENTED FOR CROSS EXAMINATION, IT WAS EASY FOR THE CONTEMNORS TO MAKE THIS PARTICULAR FALSE ASSERTION.

o) IT IS FURTHER FALSE THAT THE GRANT APPLICATIONS WERE NOT SUBMITTED, BUT GIVEN LEVENTHAL'S CURRENT PLACE OF RESIDENCE, THIS FALSITY IS CONVENIENTLY DIFFICULT TO ESTABLISH.

p) IT IS FURTHER FALSE THAT THE CONTEMNORS WERE NOT INFORMED OF LEVENTHAL'S TRAVEL, SEE EXHIBIT __2__, A TRUE AND CORRECT COPY OF A SUMMARY OF LEVENTHAL'S TRAVEL HANDED TO COUNSEL ZISSOU BY A REPRESENTATIVE OF "THE GOVERMENT" — THIS COURT'S PRE-TRIAL SERVICES OFFICER IN CHICAGO, AT HER OFFICE.

4) WITH ALL DUE RESPECT, THIS COURT CANNOT POSSIBLY WANT TO EXPOSE ITSELF TO MORE FLAGRANT, CONTUMACIOUS DECEPTION BY THE CONTEMNORS. THEY MUST BE STOPPED.

## MALICIOUS NEGLIGENCE

1) BEFORE THE BAIL REVOCATION HEARING BEGAN, BOTH CONTEMNORS KNEW, BEYOND A REASONABLE DOUBT, THAT ALL OF LEVENTHAL'S MEDICAL CLAIMS ARE TRUE. THEIR OWN MEDICAL EXPERT'S REPORT CONFIRMS THIS, YET, THE CONTEMNORS FALSELY INDUCED AND DIABOLICALLY INFLAMED THIS COURT INTO REMANDING LEVENTHAL INTO THE GENERAL POPULATION OF A MAXIMUM SECURITY PRISON — WHILE

—9—

MOTION FOR SANCTIONS

THE CONTEMNORS WITHHELD THE PILE OF LEVENTHAL'S MEDICAL INFORMATION FROM THE BUREAU OF PRISONS. FOR THEIR OWN PURPOSES, THE CONTEMNORS CAUSED LEVENTHAL TO BE CONFINED WITH LIFE-THREATENING EXOTIC CONDITIONS REQUIRING INSTANTANEOUS CARE, WHILE WILLFULLY AND WANTONLY WITHHOLDING THE INFORMATIONAL KEYS TO SUCH CARE. TO THE DATE OF THIS FILING LEVENTHAL'S RECORDS ARE NOT YET FULLY RECONSTRUCTED AND LEVENTHAL HAS BEEN DENIED ACCESS TO AT LEAST ONE CRITICAL MEDICINE THAT THE B.O.P. REFUSES TO PROVIDE- ALTHOUGH READILY AVAILABLE AT ANY DUANE READE OR WALGREENS. SUCH WITHHOLDING IS AN ACT OF WILLFUL AND MALICIOUS NEGLIGENCE. (EXHIBIT 4 )

2) THE CONTEMNORS PRODUCED RECORDS AT THE BAIL HEARING OF LEVENTHAL'S PURCHASES OF $2 WORTH OF HAMBURGERS AT McDONALDS AND TRIPS TO GAS STATIONS FOR BAGS OF ICE. AFTER THIS AND THREE YEARS OF RELENTLESS INVASIONS OF PRIVACY AND MONITORING LEVENTHAL'S EVERY THOUGHT BY EMAIL, IT IS IMPOSSIBLE THAT THE CONTEMNORS DID NOT KNOW THAT JUDITH LEVENTHAL, DEFENDANT'S EX-WIFE, WAS IN HOSPICE AND NEAR DEATH, AT THE TIME CONTEMNORS FILED THEIR FRAUDULENT APPLICATION FOR BAIL REVOCATION. IT WAS EASILY FORESEEABLE THAT LEVENTHAL WOULD BE REMANDED AS HIS LOVED ONE DIED IN HER BED, WONDERING WHERE HE WAS, IN A HORRIFIC AND FRIGHTFUL WAY - AS ACTUALLY OCCURRED 5 DAYS AFTER REMAND. IF THIS WAS NOT OUTRAGEOUS AND SAVAGE ENOUGH, LEVENTHAL WAS DENIED ACCESS (EXHIBIT 3 ) TO RELIGIOUS SERVICES AT A TIME OF DOUBLY AMPLIFIED EMOTIONAL PAIN.

3) LEVENTHAL'S FIRST AMENDMENT RIGHT TO RELIGIOUS EXPRESSION WAS DENIED AS A DIRECT CONSEQUENCE OF THE CONTEMNORS' MALICIOUS NEGLIGENCE, TO SAY NOTHING OF THE ASSOCIATED INTENTIONALLY INFLICTED EMOTIONAL DISTRESS.

——————————— -10-

MOTION FOR SANCTIONS

4) ACCORDING TO PUBLISHED REPORTS, MR. PAES' FATHER PASSED AWAY AT A YOUNG AGE. GIVEN MR. PAES' VINDICTIVE NATURE, IT IS NOT DIFFICULT TO VISUALIZE THE UNHOLY HELL MR. PAES WOULD HAVE UNLEASHED UPON ANY PAIR, SELF-INTERESTED, SOCIOPATHIC BUREAUCRATS WHO WOULD HAVE STOOD IN THE WAY OF HIS MOURNING RITUALS, AS HAVE STOOD IN THE WAY OF LEVENTHAL'S. SUCH BEHAVIOR CANNOT GO UNANSWERED.

## OBSTRUCTION OF JUSTICE

1) THE LATEST DATE ON ANY OF THE EXHIBITS PRESENTED AT THE BAIL HEARING ALLEDGING "BAD BEHAVIOR" ON LEVENTHAL'S PART WAS IN LATE SPRING 2015. WHY THEN WAS THE CONTEMNOR'S APPLICATION FOR BAIL REVOCATION FILED AT THE BEGINNING OF SEPTEMBER 2015? THE ANSWER IS SIMPLE: TO OBSTRUCT JUSTICE IN THE BANKRUPTCY SANCTIONS MATTER IN CHICAGO, BY LOCKING UP LEVENTHAL IN THE PROCESS OF FILING AN APPEAL, OF THE BANKRUPTCY MATTER.

2) JUDGE GOLDGAR'S SANCTION ORDER PAINTS THE PERFECTLY DESIRED PICTURE OF LEVENTHAL THAT THE CONTEMNORS WOULD HAVE THIS COURT BELIEVE, AS THE WHOLE PICTURE OF LEVENTHAL. BY APPLYING TO THIS COURT FOR INSTANTANEOUS REMAND AT PRECISELY THE RIGHT TIME, THE CONTEMNORS PREVENTED THE DEFENSE FROM EVER WEAKENING THE IMPACT OF THE SANCTION ORDER BY ADVISING THE COURT THAT SAID ORDER WAS SUBJECT OF AN ONGOING APPEAL.

3) THE TIMING OF THE CONTEMNORS' APPLICATION FOR BAIL REVOCATION WAS A DECEPTIVELY EXECUTED SCHEME TO KILL SEVERAL BIRDS WITH ONE STONE — AND YET ANOTHER INSTANCE OF UNBRIDLED MISCONDUCT ON THE PART OF THE CONTEMNORS, IN CONTEMPT OF THIS HONORABLE COURT.

MOTION FOR SANCTIONS

## CONCLUSION

1) LEVENTHAL'S FIRST AMENDMENT RIGHT TO RELIGIOUS EXPRESSION HAS BEEN IMPEDED BY THE CONTEMNORS, DECEPTIVELY, MALICIOUSLY AND WANTONLY.

2) LEVENTHAL'S RIGHT TO PRIVACY HAS BEEN CRIMINALLY IMPEDED BY THE CONTEMNORS UNDER HIPAA AND THE NINTH AMENDMENT, DECEPTIVELY, MALICIOUSLY AND WANTONLY.

3) LEVENTHAL'S EIGHTH AMENDMENT RIGHT TO BE FREE FROM DELIBERATE INDIFFERENCE TO HIS SAFETY HAS BEEN DECEPTIVELY IMPEDED BY THE CONTEMNORS, MALICIOUSLY AND WANTONLY.

4) A SENTENCING DECISION IS RIGHTFULLY DUE AND PENDING IN THIS MATTER. "SENTENCE THAT RESTS ON IMPROPER OR INACCURATE INFORMATION OR ALLEGATIONS THAT ARE MATERIALLY UNTRUE VIOLATES DUE PROCESS" [SEE DORSZYNSKI v. U.S., 418 U.S. 424, 418 (1974); TOWNSEND v. BURKE, 334 U.S. 736, 741 (1948); U.S. v. CAMPBELL, 684 F. 2d 141 (D.C. 1982)]. WHERE THERE IS SMOKE, THERE IS FIRE. ALL OF THE DECEPTION FOISTED UPON THIS COURT BY THE CONTEMNORS SO FAR, FORESHADOWS THE PERFECT CERTAINTY OF MORE DECEPTION TO COME AT THE HANDS OF THE CONTEMNORS, IF THEY ARE NOT APPROPRIATELY SANCTIONED AT THIS JUNCTURE.

4) UNDER SECTION 105 POWER OF COURT, 18 U.S.C. SECTION 401 AND/OR FED. R. CRIM. P. 42, WITH ALL DUE RESPECT, THIS COURT CAN AND SHOULD SANCTION THE CONTEMNORS, AS FOLLOWS.

## PRAYER

NOW THEREFORE DEFENDANT HEREBY RESPECTFULLY REQUESTS AND PRAYS FOR:

1) SANCTIONS IN ACCORDANCE WITH THE (PROPOSED) SANCTIONS ORDER SUBMITTED HEREWITH.

2) AN ORDER SETTING A DATE FOR AN EVIDENTIARY HEARING ON THE QUESTION OF SANCTIONS, ALLOWING TIME FOR:

MOTION FOR SANCTIONS

a) SERVICE OF DISCOVERY.

b) COMPLIANCE WITH DISCOVERY DEMANDS.

c) COMPLIANCE WITH THE ACCOMPANYING F.O.I.A. DEMAND.

d) A PRE-TRIAL HEARING TO COMPEL DISCOVERY PRODUCTION AS NECESSARY.

3) ANY AND ALL OTHER RELIEF AS THIS HONORABLE COURT DEEMS FIT AND PROPER UNDER THE CIRCUMSTANCES.

RESPECTFULLY SUBMITTED

_____

HOWARD LEVENTHAL
DEFENDANT, PRO SE

— 13 —

MOTION FOR SANCTIONS

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES          )
                       )
                       )
vs.                    )
                       )
                       )
HOWARD LEVENTHAL       )     Case No. 13-cr-695(BMC)

(PROPOSED) SANCTION ORDER

After being informed of the facts and the premises of
Defendant's Motion for Sanctions, the Court finds as follows:

1) Contemnor Winston Paes is found to be in direct and indirect
contempt of this Court.

2) Contemnor Christopher Delzotto is found to be in direct and
indirect contempt of this Court.

3) The Court finds further that:

4) BOTH CONTEMNORS SHALL BE HELD IN PRISON FOR DIRECT CONTEMPT
UNTIL SUCH TIME AS: i) EACH AND EVERY INSTANCE OF DISSEMINATION
OF LEVENTHAL'S MEDICAL RECORDS IS IDENTIFIED, RETRIEVED AND
EXTINGUISHED; AND ii) THE DEPT. OF JUSTICE ISSUES A PRESS RELEASE
APOLOGIZING FOR THE CONTEMNORS' BEHAVIOR, WITH THE SAME INTERNATIONAL
WIRE SERVICES AND THE SAME ENERGY AS THE DOJ'S PRIOR SUCH PRESS
RELEASES REFERENCING THIS MATTER.

5) UNDER 45 C.F.R. SECTION 160.306 BOTH CONTEMNORS ARE REFERRED FOR
CRIMINAL PROSECUTION TO THE SECRETARY OF HEALTH AND HUMAN SERVICES
FOR HIPAA VIOLATIONS.

6) BOTH CONTEMNORS ARE BARRED FROM ACTING ON THE GOVERNMENT'S
BEHALF GOING FORWARD IN THIS MATTER.

7) THE GOVERNMENT'S SENTENCING MEMORANDUM IS LIMITED TO ONE
PAGE AND FURTHER LIMITED IN SCOPE TO ACTUAL LOSS ONLY.

SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

(PROPOSED) SANCTION ORDER        -1-

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES

vs.                          CASE NO.
                             13-cr-695
HOWARD LEVENTHAL           (BMC)

## MOTION FOR SANCTIONS
## EXHIBIT LIST

EXHIBIT 1: HOWARD LEVENTHAL DISCHARGE DOCUMENT, EMERGENCY ROOM, GATEWAY MEDICAL CENTER, GRANITE CITY, IL.

EXHIBIT 2: TRAVEL SUMMARY GENERATED BY PTS OFFICER, HANDED PERSONALLY BY PTS OFFICER TO COUNSEL ZISSOU.

EXHIBIT 3: B.O.P. EMAIL DENYING ACCESS TO RELIGIOUS SERVICES.

EXHIBIT 4: EMAIL FROM MDC LEGAL TO ZISSOU ASSOCIATE CARLA COMISSO ABOUT WITHHOLDING MEDICINE AND REPLACING WITH BAKING SODA PLACEBO.

※ NOTE: THESE EXHIBITS ARE DUE TO BE FILED VIA ECF BY ATTORNEY ZISSOU.

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES

vs.                                    } CASE NO.
                                          13-CR-695
HOWARD LEVENTHAL           } (BMC)

DECLARATION OF HOWARD LEVENTHAL
REGARDING PERSONAL REFERENCE LETTERS

I, HOWARD E. LEVENTHAL, DEFENDANT IN THE ABOVE-
CAPTIONED MATTER, DO HEREBY DECLARE:

1) ATTACHED HERETO ARE PERSONAL REFERENCE LETTERS
REGARDING ME AND MY BACKGROUND FROM A VARIETY OF PEOPLE
WHO HAVE KNOWN ME FOR PERIODS OF TIME FROM A FEW YEARS
TO MY ENTIRE LIFE.

2) ALL OF SAID LETTERS ARE AUTHENTIC, HAVING COME DIRECTLY
TO MY COUNSEL (EITHER MESSRS. GREENBERG OR ZISSOU) AND
SIGNED BY ALL OF THE INDIVIDUALS IN THEIR HAND.

3) CERTAIN OF THE WRITERS ARE OLDER AND LESS CAPABLE AS
WRITERS. IN THOSE CASES I DRAFTED SOME PORTION OF A FEW
LETTERS AND THE ISSUERS SIGNED THOSE LETTERS AFTER
CAREFUL DISCUSSION AND REVIEW.

4) WITH ONE EXCEPTION (EARL WEISS LETTER DATED 2015) EVERY
LETTER WAS RE-TRANSMITTED TO THE P.S.R. WRITER BY MY
COUNSEL DURING EARLY 2014, NEARLY TWO YEARS AGO. ALL OF
THESE LETTERS HAVE BEEN AVAILABLE TO "THE GOVERNMENT"
SINCE THAT TIME.

5) MY FORMER COUNSEL RICHARD GREENBERG, CALLED EACH
AND EVERY WRITER PERSONALLY ON THE PHONE TO VERIFY
AUTHENTICITY, EXCEPT THE 2015-DATED EARL WEISS LETTER.

DECLARATION RE: REF LETTERS      — 1 —      HOWARD LEVENTHAL 12/9/15

# EXHIBITS TO

DECLARATION OF HOWARD LEVENTHAL
REGARDING PERSONAL REFERENCE LETTERS

## PERSONAL REFERENCE LETTERS

follow

✷ NOTE: THESE EXHIBITS ARE DUE TO BE
FILED VIA ECF BY ATTORNEY ZISSOU

DECLARATION RE: REF. LETTERS — 2 —

                                        Howard Leventhal
                                        Reg. No. 46376-424
                                        P.O. Box 329002
                                        Metropolitan Detention ctr.
                                        Brooklyn, NY 11232

December 8, 2015


Winston Paes
Assistant United States Attorney
Eastern District of New York          RE: FREEDOM OF INFORMATION
Via ECF                                   ACT DEMAND IN RE:
                                          U.S. v. LEVENTHAL
                                          13-cr-695-(BMC)

Mr. Paes:

This letter is my demand under the United States Freedom of
Information Act (FOIA) for the following items regarding the
above captioned matter. Under FOIA all of the requested items
are to be delivered to me at the above address no later than
21 days after the date of service of this notice. I hereby
request that all items are delivered encoded on to CD or DVD
ROMs in Adobe Acrobat format. To the extent this is not
possible, paper copies will suffice.

- All records of any and every kind in possession or control of
the Department of Justice, the Federal Bureau of Investigation,
the Federal Bureau of Prisons and the United States Department of
Education which relate in any way to the above captioned matter,
including but not limited to:

      Unredacted, unaltered, unedited, unmodified versions of:

- All medical records of Howard Leventhal in any and every form
except radiological imaging. Included however should be textual
narrative analyses of all radiological imaging performed by a
licensed physician or specialist.

- All notes, whether handwritten, typed by all employees of the
Government of the United States regarding the captioned matter.

- Disk images of the hard drives of every computer used by the
Government in any and every form of investigation, case develop-
ment, grand jury materials, prosecution, discussion, textual
messaging, email messaging, electronic files, file attachments,
audio recordings, video recordings, surveillance reports and
any and every other form of information gathering and dissemination
relating in any way to the captioned matter.

_____        — 1 —
FOIA DEMAND·LEVENTHAL

- COPIES OF EACH AND EVERY INCOMING AND OUTGOING EMAIL MESSAGE RELATING IN ANY AND EVERY WAY TO THE CAPTIONED MATTER.
- COPIES OF EACH AND EVERY FORM OF COMMUNICATION NOT OTHERWISE SPECIFIED
- COPIES OF ALL EMAIL TRAFFIC RELATING IN ANY WAY TO THE CAPTIONED MATTER, TO AND FROM THE OSTENSIBLY PERSONAL EMAIL ACCOUNTS OF WINSTON PAES AND CHRISTOPHER DELZOTTO, INCLUDING AND EXTENDING TO MEMBERS OF THE SAME HOUSEHOLD.
- COPIES OF ALL COMMUNICATIONS BETWEEN PAES, DELZOTTO AND THE NEWS MEDIA AND MEMBERS OF THE NEWS MEDIA
- TO THE EXTENT THAT ANY ITEM DESCRIBED ABOVE OR BELOW EXISTS ONLY ON MOBILE DEVICES, THEN EXHAUSTIVE COPIES OF ALL SUCH ITEMS, REGARDLESS OF OWNERSHIP OF SUCH DEVICES.
- COPIES OF ALL COMMUNICATIONS IN THE CAPTIONED MATTER TO AND FROM LORETTA LYNCH AT ALL TIMES RELEVANT HERETO.
- TELEPHONE LOGS AND TRANSCRIPTS
- TRAVEL LOGS
- GRAND JURY MATERIALS
- IMMUNITY AGREEMENTS
- PRESENTATION MATERIALS, INCLUDING NOTES AND DRAFTS
- PHYSICAL DELIVERY RECEIPTS
- COPIES OF ALL COMMUNICATIONS WHEREUNDER EMPLOYEES AND CONTRACTORS OF THE GOVERNMENT USED FALSE OR STOLEN IDENTITIES.
- COPIES OF ALL COMMUNICATIONS WITH THE INTERNAL REVENUE SERVICE.
- COPIES OF ALL COMMUNICATIONS WITH JUDGE A. BENJAMIN GOLDGAR.
- COPIES OF ALL COMMUNICATIONS WITH EMPLOYEES OF THE LAW FIRM OF DEUTSCH, LEVY AND ENGEL.
- COPIES OF ALL COMMUNICATIONS WITH THE SHERIFF OF LAKE COUNTY, IL
- COPIES OF ALL COMMUNICATIONS BETWEEN DEPARTMENT OF JUSTICE EMPLOYEES IN DISTRICTS OUTSIDE OF THE EASTERN DISTRICT OF N.Y.

FOIA DEMAND - LEVENTHAL

- COPIES OF COMMUNICATIONS WITH PERSONS AND ENTITIES IN FOREIGN COUNTRIES.
- ANY AND EVERY DRAFT SENTENCING MEMORANDUM, INCLUDING EXHIBITS.
- COPIES OF COMMUNICATION WITH ANY AND EVERY EMPLOYEE OF UNITED STATES PROBATION DEPARTMENT.
- COPIES OF COMMUNICATION WITH ANY AND EVERY EMPLOYEE OF UNITED STATES PRE-TRIAL SERVICES.
- WITHOUT LIMITATION, IN EVERY WAY, ALL MATTER NOT SPECIFIED ABOVE RELATING TO THE CAPTIONED MATTER IN ANY AND EVERY WAY.


   YOUR ASSISTANCE TO DELIVER ALL OF THE SPECIFIED MATTER TO ME AT THE ADDRESS INDICATED ON THE 1ST PAGE OF THIS DEMAND, WITHIN THE TIME REQUIRED BY LAW, WILL BE MOST APPRECIATED.

                    YOURS TRULY

                    HOWARD LEVENTHAL

FOIA DEMAND - LEVENTHAL          —3—

Howard Leventhal
Reg. No 46376-424
Metropolitan Detention Ctr.
P.O. Box 329002
Brooklyn, NY 11231

Dec 10, 2015

Clerk of Court                          RE: U.S. v. LEVENTHAL
United States District Court                13-cr-695-(BMC)
225 Cadman Plaza East
Brooklyn, NY 11201


Please file all of the enclosed in the captioned matter. Many
thanks for your kind assistance.


DEFENDANT, PRO SE

**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ DEC 1 4 2015 ★

Howard Leventhal

**BROOKLYN OFFICE**

P.S. I WAS DENIED THE USE OF A STAPLER AT MDC.
PLEASE BE CAUTIOUS WITH PAGE ORDER. THANK You.

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES                    )
                                 )
                                 )
vs.                              )
                                 )
                                 )
HOWARD LEVENTHAL                 )    Case No. 13-cr-695(BMC)

NOTICE OF FILING

To:  WINSTON PAES         CHRISTOPHER DELZOTTO       STEVE ZISSOU
     Assistant U.S.       c/o WINSTON PAES           (via ECF)
     Attorney             (via ECF)
     (via ECF)

Be advised that I have on this date filed the items listed below,
with the Clerk of Court in this matter, via U.S. Postal Mail.

- Letter to Judge Cogan
- Motion for Sanctions (w/Exhibits)
- Proposed Sanction Order
- Declaration Regarding Personal Reference Letters (w/Exhibits)
- FOIA Demand
- NOTE: EXHIBITS ARE DUE VIA ECF        - _____
- FROM COUNSEL ZISSOU                    - _____

DEFENDANT, PRO SE

Howard Leventhal          Date: 12/10/15

CERTIFICATE OF SERVICE

I do hereby certify that the foregoing and attached have been
served upon the parties by the method indicated above. It is my
understanding that said parties are registered in the Court's
ECF system and will automatically receive electronic service.

Howard Leventhal          Date  12/10/15

Howard Leventhal
Reg. No. 46376-424
Metropolitan Detention Ctr
P.O. Box 329002
Brooklyn, NY 11232

Dec 10 , 2015

The Honorable Judge
Brian M. Cogan
United States District Court
Eastern District of New York          RE: U.S. v. LEVENTHAL
225 Cadman Plaza East                 Case No. 13-cr-695-(BMC)
Brooklyn, NY 11201

Your Honor:

I sincerely appreciate all of the kindness and consideration
the Court has shown to me in this case. Hoping that it does not
displease the Court, I wish to forward the contemporaneously
filed Motion for Sanctions and related materials on my own
behalf.

Given the vindictive and retaliatory comportment of the Contemnors
I believe that it is in my best interest to request bifurcation
of representation in this way. For better or worse I have
represented myself in more than 30 civil cases. Judge George
Strickland of the 19th Judicial district Court, Lake County
Illinois referred to me as "the most capable pro se litigant
every before me." As is apparent, the office equipment at my
disposal is barely serviceable and it may be necessary to call
upon Attorney Zissou's office to assist with some minimal level
of paralegal services. Hopefully the Court will not object to
their billing for same.

                              RESPECTFULLY SUBMITTED,

                              DEFENDANT, PRO SE
                              Howard E. Leventhal





HOWARD LEVENTHAL
REG. No. 46376-424
METROPOLITAN DETENTION CTR.
P.O. BOX 329002
BROOKLYN, NY 11231

CLERK OF COURT
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
225 CADMAN PLAZA EAST
BROOKLYN, NY 11201