10/15/18

TO: CLERK OF COURT
USDC EDNY

In re:
LEVENTHAL v. U.S.
Case No. 18-cv-3470 (BMC)
13-cr-695 (BMC)

Please file enclosed in captioned matter.

Thank you

PET/DEF

Howard Leventhal

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ OCT 19 2018 ★
BROOKLYN OFFICE

IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 19 2018 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Leventhal
v.
United States

18-cv-3470 (BMC)
(13-cr-695)

NOTICE OF FILING

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 19 2018 ★
BROOKLYN OFFICE

TO: US Attorney, EDNY via ECF

Be advised that on this date I filed the enclosed Emergency Motion with the clerk in this matter.

PET/DEF

/s/ Howard Leventhal     10/15/18
Howard Leventhal     Date

CERTIFICATE OF SERVICE

I Howard Leventhal do hereby certify that filed the above + attached with prison authorities on 10/15/18 for further deposit in US Postal Mail and it is my understanding that all necessary parties will receive true and correct copies of same automatically in due course via this Court's ECF system.

/s/ Howard Leventhal
Howard Leventhal

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Leventhal )
)
v ) Case No.
) 18-cv-3470(BMC)
) (13-cr-695(BMC))
United States )

**EMERGENCY MOTION FOR INSTANTER SUSPENSION OF SENTENCE OR BAIL**

NOW COMES PETITIONER/DEFENDANT Howard Leventhal, hereby submitting this Emergency Motion for Instanter Suspension of Sentence or Bail. In support of this motion, Leventhal states as follows:

1)   According to published reports, this court is days away from commencing trial of a criminal case with global import, while this Petitioner simultaneously forwards an 80+ page 2255 petition on an urgent basis. In response to said 2255 petition, the Government has filed a response of 133 pages in which, if anything whatsoever about said filing is responsive in any way to Leventhal's petition, the services of a legal archeologist will be necessary to uncover it.

2)   Leventhal is set to be released to Home Confinement, a form of BOP custody, on July 16, 2019 or approximately nine months from the date hereof, regardless of whether or not this court grants the relief sought pursuant to his pending 2255 petition. The Government itself (as the Court Deputy may confirm with a single phone call to the BOP) now classifies Leventhal as having "zero" custody points, the lowest possible security level and qualified for "Community Custody," a form of personal recognizance.

3)   It is uncontradicted on the record that the Gov't's own medical care plan (Doc 57) has not been executed in any way, and that said care plan was a predicate to sentencing. The three year time lapse during which such care was to have begun and the present date at which not a single meaningful item of it has actually been done, removes all doubt that said care plan was an instrument of fraud upon this court and will never be carried out. Moreover, not a single intervention described

either by former BOP senior officer and medical expert Philip Wise (Doc 48), nor by Grand Jury witness Dr. Charles Colodny (Doc 103) has been executed either. The Government is correct at least with respect to these facts, that no evidentiary hearing is necessary and the 8th Amendment has been violated as the sentence was applied in this case as a result of fraud upon the court by the Government prior to sentencing.

4) It is further undisputed on the record that Leventhal is in imminent risk of death due to the absence of the above described interventions, that he is being inflicted with humiliation, discomfort, pain, blood, cramping and chronic diarhea of a magnitude that no human being should be forced to endure while competent remedies are available (but only outside of BOP custody).

5) The home of Leventhal's mother, for which he is approved already by US Probation to occupy upon release, is in Cook County Illinois - as is the University of Chicago Hospital where his original experimental surgery was performed and where proper care is available almsot immediately upon release from BOP custody. University of Chicago Hospital accepts Cook County Medicaid and FPC Duluth staff has been informed that such coverage will be available to Leventhal on the day of his release or nearly so.

6) Leventhal's mother is 93 1/2 years of age, with a life expectancy of 6 months or less and chronic illnesses in need of his care. She suffers from severe emotional distress after not seeing her son in years and fearing she will pass away and never see him again.

7) Leventhal's 62nd birthday is weeks away. On that date he will both be eligible to begin receiving Social Security retirements benefits that he has paid into for 45 years; and will then fall into the DOJ's own lowest measurable risk for recidivism. Even if he cannot find a job, he will become able to pay something for restitution immediately if he is released from custody now. Moreover, his most recent judicially determined income from legitimate occupations was $360,000 per year, as determined in Handeland v Leventhal, Case No 05 D 808, in

the 19th Judicial Circuit Court, Lake County, Illinois. Surely could Leventhal again approach such income, the victims would be quite gratified for receiving the associated restitution, as would the crystal clear Congressional intent expressed in 18 USC § 3553(a) relating to restitution.

8) Leventhal has completed all required Release Preparation Planning (RPP) materials and himself taught some of such courses. Nothing whatsoever within the objectives of sentencing would be accomplished by keeping him in prison – except further destructive and harmful effects working against the statutory objectives of sentencing.

9) The 18th birthday of Leventhal's only child, formerly an abandoned Chinese orphan, is also only weeks away. She will be off to college before Leventhal is released without intervention by this court and the record is clear and certain that the Government has acted to effect the severance of his relationship with her as a designed-in but unwritten element of sentence – yet another constitutional deprivation. He deserves and should have the two hours speaking directly to her before her minority expires, as sought here.

10) Leventhal is indigent as the court is aware. He would post bail if he could, but he cannot. The BOP itself however classifies him as worthy of release to community custody on his own recognizance and the attorney for the Gov't is in no better position to oppose such classification.

11) This court, while perhaps not having general authority to suspend sentence, has legal authority to suspend sentence under exceptional circumstances; see U.S. v. Dennison, 493 F Supp 2d, 139, USDC 2d Cir. Under Dennison, the court exercised its authority to suspend Dennison's sentence and substitute a portion of it with work in the community to produce restitution. The court also found that doing so comports with congressional intent and preference for restitution and the mandatory objectives of sentencing under 18 USC 3553(a). Not only is the proper medical care impossible while Leventhal remains in BOP custody of any form (prison, halfway house or home confinement), the same is true for restitution

of any meaningful amount.

12) Should the court choose to continue adjudicating this matter further on a more relaxed schedule, it would of course be free to revoke suspension of sentence as and when it wishes if at all. To provide the court with some further comfort on topics it may not have reduced to writing, Leventhal has prepared a (draft) supplement to Special Conditions of Supervised Release (or personal recognizance bail), which the Court could implement as it chooses without objection from Leventhal.

13) If suspension of sentence is unpalatable for the court, it has all necessary authority to grant bail while finalizing adjudication of the pending habeas petition under 18 USC § 3143(b)(1). Under (b)(1)(A): the Government itself, by classifying Leventhal as eligible for community custody classifies him as unlikely to flee or pose danger to anyone or the **community** if released; and under (b)(1)(B), for all appearances, at least some portion of this 2255 petition is likely to succeed on the merits.

NOW THEREFORE Petitioner respectfully requests that this court either grant suspension or bail instanter, pending further adjudication of this matter and that if such further adjudication is deemed necessary, that the court open discovery and set a briefing schedule for an evidentiary hearing.

Respectfully submitted,
PETITIONER/DEFENDANT PRO SE

10/15/18
Date

Howard Leventhal
Reg. No. 46376-424
FPC Duluth
P.O. Box 1000
Duluth, MN 55814

Page 4 of 4

(DRAFT/PROPOSED)

SPECIAL CONDITIONS OF SUPERVISED RELEASE
SUPPLEMENT NUMBER ONE

1) BOP custody is terminated effective immediately so that Leventhal is free to secure alternative gov't benefit health care immediately.

2) Leventhal shall not be permitted to form any new legal entity of any kind in any jurisdiction anywhere in the world without first informing US Probation or the court.

3) No new money account of any kind, whether physical or electronic, without first informing Probation.

4) Must disclose user names for any and every online account to Probation (including money accounts) along with view-only access by Probation to such accounts upon request by Probation.

5) Court shall be provided with final copy of any business plan or prospectus document produced by Leventhal, before it is presented to any other person. If such document proposes any fiduciary duty in any way by Leventhal.

6) Before entering the municipality in which his daughter resides or attends school, Leventhal is required to make contact with local law enforcement & apprise them of the nature of conflict between him and his second ex-wife (child's mother) and either provide law enforcement with electronic means of tracking him, if practicable, or provide an hour-by-hour itinerary of his intended activities.

7) Leventhal shall be required to perform no less than 10 hours per week of either community service or paid service for which 100% of any compensation (after taxes) goes to restitution, or 520 hours per year, subject to approval and/or adjustment by Probation, for remainder of supv. release.